Battle, J.
 

 It was admitted on the trial, by the counsel of both parties, that the liability of the defendant was a question of law, arising upon the facts established by the proof. Upon these facts two questions are presented.
 
 First,
 
 Whether the defendant had such a residence in Newbern, as made that town a
 
 *373
 
 proper place at which to send him a notice of the dishonor of the bill.
 
 Secondly,
 
 If it were not, whether the plaintiff, being ignorant of the defendant’s actual place of residence, used due diligence in endeavoring to ascertain it, before he sent the notice to Newbern. Another question has been raised and argued by the plaintiff’s counsel before us: whether, as the bill was drawn and bears date at Newbern, that is not the proper place to which notice should be sent to the indorser? But without deciding whether that question is open to the plaintiff upon the bill of exceptions, we hold that it is settled to the contrary, by the opinion of this Court in the case of
 
 Denny
 
 v.
 
 Palmer,
 
 5 Ire. Rep., 610.
 

 Upon the first question, the proof fails to show that Newbern was the place of the defendant’s residence or business, at which he usually received his letters and papers. He was born and raised in the county of Onslow ; and at the time when the bill was dishonored, and the notice thereof sent, he was a planter residing within two miles of Jacksonville, the count}'- seat of Ons-low, where was kept a post-office, through which his correspondence passed. It does not appear that the plaintiff knew that he owned a house and lot in Newbern, or that he occupied it any portion of the year, and that for that reason he sent the notice to that town. Indeed tire contrary is to be inferred from the case. But if he did know these facts, he must have known also, that the defendant was not residing there in the month of April, when the notice was sent.
 

 The remaining question must also be decided against the plaintiff. It was his duty, if he was ignorant of the defendant’s place of residence, to use due diligence to find it out. The necessity of doing this is so strong, that some delay in giving the notice will be excused on account of it.
 
 Bateman
 
 v.
 
 Joseph,
 
 2 Camp. N. P. Rep., 461. S. C. in Banco, 12 East. Rep., 432.
 
 Baldwin
 
 v.
 
 Richardson,
 
 1 Barn. & Cres., 245, (8 Eng. C. L. Rep., 66.)
 

 These cases will show further, that the only inquiry made in the case before us, as to the defendant’s residence, was entirely insufficient. (See Byles on Bills, 222, and
 
 Beveridge
 
 v.
 
 Burgis,
 
 3 Camp. Rep., 262.) There was a tri-weekly line of stages between the town of Washington, where the plaintiff resided, and Newbern, to which the notice was sent. There were also several
 
 *374
 
 persons residing in Washington, who had formerly resided in Newbern. The plaintiff or his agent, Mr. Hardenburg, might have written to the drawer or some other person at Newbern, or might have made inquiries of the persons who had formerly resided there, and who therefore might have been presumed to have been able to give him the desired information. He did neither of these things, but contented himself with making inquiries of a gentleman, who is not stated to have known anything about the inhabitants of Newbern, except from what he may be supposed to have derived from marrying a lady of that town. This was altogether insufficient, and the cases cited by the plaintiff’s counsel, from Wendell’s (N. Y.) Reports, and Howard’s Reports of the Supreme Court of the United States, do not conflict with this conclusion. In
 
 The Bank of Utica
 
 v. Davidson, 5 Wend. Rep., 587, the Court, say,
 
 “
 
 If the holder of a note is ignorant of the place where the endorser resides, and cannot ascertain it after diligent inquiry, notice sent to the place where the note bears date, will be sufficient. If no place appear on the face of the note, notice must be sent to the place where, according to the best information to be obtained, the endorser will most probably be found.” Hence it was held in that case, that notice sent to a town where the note bore date, where the officers of the bank were told by the person who presented it for discount, the endorser resided, and where in fact he did reside until a few weeks previous to the date of the notes, was sufficient. This is certainly no authority for • the very slight inquiry made in this case. The case of
 
 Lowery
 
 v.
 
 Scott,
 
 24 Wend. Rep., 358, relates to a notice to the drawer, and has no application to the present. In
 
 Harris
 
 v. Robinson, 4 Howard’s Rep., 336, it was decided, that where a note was handed to a notary for protest by a bank, and it did not appear whether the bank or the last endorser was the real holder of the note, and the notary made inquiries of the cashier and
 
 others
 
 not unlikely to know, respecting the residence of the prior endorsers, and then sent notice according to the information thus received, it was sufficient to bind such prior endorsers. And the decision in
 
 Lambert
 
 v.
 
 Ghiselin,
 
 9 How. Rep. 552, was, that it was sufficient proof of due diligence to ascertain the residence of the indorser, before sending him notice of the dis
 
 *375
 
 honor of the bill, that the holder inquired from those persons who were most likely to know where the residence of the endorser was. Surely these authorities cannot be called into the aid of the case, where the inquiry was made of one person only, and he having no other means of information than that he had married a lady of the town to which the notice was directed. Why not inquire of the lady herself, or of some one or more of the other persons who had formerly resided in Newbem? Why not write to the drawer or some other person then living in Newbem ? Either would have been a much surer mode of obtaining the desired information, than the one adopted. There is no error in the judgment given below, and it must be affirmed.
 

 PeR Curiam. ' Judgment affirmed. -